1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    **LUTRELL B HUDDLESTON**,                    Case No.  16-cv-01998-YGR

              Plaintiff,

8

         v.                                       **ORDER GRANTING DEFENDANTS' MOTION
9                                                 TO DISMISS**

10   **CITY & COUNTY OF SAN FRANCISCO, ET         Re: Dkt. No. 9
     AL.**,

11            Defendants.

12

13           Plaintiff Lutrell B. Huddleston brings this pro se action against defendants the City &

14   County of San Francisco ("CCSF"), the Office of Treasurer and Tax Collector for CCSF, and

15   David Augustine and Debra Lew in their official capacities only[1] for alleged employment

16   discrimination.  (Dkt. No. 1.)  Specifically, plaintiff brings five counts against defendants for

17   violations of:  (i) Title VII of the Federal Civil Rights Act;[2] (ii) 42 U.S.C. Section 1981 for

18   prohibited discrimination in the making or enforcement of employment laws; (iii) 42 U.S.C.

19

20           _____

21           [1]  The complaint names David Augustine and Debra Lew in their individual capacities.
     However, neither Augustine nor Lew have been personally served.  In her opposition, plaintiff
     clarifies that she did not intend to bring claims against Augustine and Lew in their individual
22   capacities, but only in their official capacities as employees of the City and County of San
     Francisco.

23
             [2]  In the complaint, plaintiff's First Claim for Relief lists Title II of the Federal Civil Rights
24   Act of 1964.  In her opposition, plaintiff notes that she intended to plead a claim under Title VII of
     the Federal Civil Rights Act, which she lists in her form complaint as a cause of action but not in
25   her detailed complaint.  (*Compare* Dkt. No. 1 at 1 *with* Dkt. No. 1 at 6–14.)  Courts construe
     pleadings of a pro se plaintiff liberally, and, therefore, the Court will consider her First Claim for
26   Relief as a claim under Title VII.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  The Court
     sees no prejudice to defendants in doing so as they also addressed plaintiff's claims under Title
27   VII in their motion to dismiss.  The Court **DISMISSES WITH PREJUDICE** any claims under Title II
     of the Federal Civil Rights Act, which provides a cause of action for discrimination or segregation
28   in places of public accommodation.  42 U.S.C. § 2000a.

1    Section 1985 for conspiring to violate federal civil rights; (iv) the California Unruh Civil Rights

2    Act, California Civil Code Section 51; and (v) San Francisco Charter Section 10.103, the City &

3    County of San Francisco Civil Service Commission Rules 103, 203, 303, and 403, and California

4    Civil Code 51.7.

5            Now before the Court is defendants' Motion to Dismiss the complaint pursuant to Federal

6    Rule of Civil Procedure 12(b)(6).  Having carefully considered the pleadings and the papers

7    submitted on this motion, and for the reasons set forth more fully below, the Court **GRANTS**

8    defendants' motion to dismiss as follows.  Plaintiff shall file an amended complaint consistent

9    with the rulings made herein by **October 17, 2016**.[3]

10   **I.      FACTUAL ALLEGATIONS**

11           Plaintiff is a citizen of the State of California residing in San Francisco County.  (Compl. ¶

12   1.)[4]  She worked as a legal assistant within the Legal Section of the Office of the Treasurer & Tax

13   Collector of CCSF.  (*Id.* at ¶ 13.)

14           Plaintiff's allegations of discriminatory and retaliatory treatment begin in 2012, when

15   defendant David Augustine became the manager of the Legal Section of the Office of the

16   Treasurer & Tax Collector.  (*Id.*)  Plaintiff alleges that Augustine subjected her to "countless

17   occasions of regular abuse, employment law violations, sexual and other discrimination,

18   harassment, retaliation, humiliation and severe scrutiny, while in a protected class."  (*Id.*)  Plaintiff

19   also claims she was subject to a "'special' type of retaliation" in connection with a situation

20   involving another employee.  (*Id.* at ¶ 14.)  The complaint provides that she filed informal reports

21   and complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") and her

22   local union regarding Augustine's behavior.  (*Id.* at ¶ 15; *see also* Dkt. No. 1 at 4 (2013 Charge of

23

24           [3]  In connection with their motion to dismiss, defendants also filed a Request for Judicial
     Notice attaching the following:  (i) Exhibit 1, San Francisco Charter section 10.103; (ii) Exhibit 2,
25   Civil Service Commission Rule 103; (iii) Exhibit 3, Civil Service Commission Rules 203 and 303;
     and (iv) Exhibit 4, Civil Service Commission Rule 403.  (Dkt. No. 10.)  Plaintiff does not oppose.
26   The Court hereby **GRANTS** defendants' Request for Judicial Notice.

27           [4]  "Compl." refers to paragraphs of plaintiff's detailed complaint at Docket Number 1,
     pages six through fourteen.
28

United States District Court
Northern District of California

1   Discrimination).)

2   Next, plaintiff alleges that she "experienced harassment and retaliation at the hands of her

3   supervisor Debra D. Lew," and that Augustine and another supervisor, Tajel Shaw, took no action

4   in violation of Civil Service Commission Rule 103. (*Id.* ¶ 16.) As a result of this continued

5   harassment, plaintiff claims that she had a "nervous breakdown" for which she was hospitalized.

6   (*Id.* ¶¶ 17–18.) Prior to returning to work, plaintiff claims that a senior staff member informed her

7   that no action would be taken regarding her harassment complaints and that she should quit her

8   job. (*Id.* ¶ 18.)

9   At some point, the Legal Section hired a new manager. (*Id.*) Yet, plaintiff claims that she

10  continued to be "subject to daily retaliation and harassment with scrutiny becoming worse,"

11  causing her to have panic attacks. (*Id.*) Ultimately, plaintiff asserts she was forced to retire. (*Id.*)

12  According to plaintiff, at the time she was forced into retirement in September 2014, she was

13  sixty-three years old, had twelve years of experience working for the City & County of San

14  Francisco, and was the only African American employee within the Legal Section. (*Id.* at ¶ 13.)

15  **II.      LEGAL STANDARD**

16  Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon

17  which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil

18  Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of

19  sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d

20  1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

21  1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its

22  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face

23  "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

24  that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

25  (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere

26  possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536

27  F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations

28  that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation

United States District Court
Northern District of California

3

omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original) (citation omitted). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Courts ordinarily construe complaints filed by pro se plaintiffs liberally. *Pena*, 976 F.2d at 471. However, a "liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   DISCUSSION

### A.   Count I:  Violation of Title VII of the Civil Rights Act

Title VII makes it unlawful for an employer to subject an employee to (i) discrimination on account of "race, color, religion, sex, or national origin" or (ii) retaliation because of involvement in certain protected activities. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination based on race, color, religion, sex, or national origin); 42 U.S.C. § 2000e-3(a) (prohibiting retaliation against employees for opposing any practice made unlawful by Title VII or for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII).[5]

---

[5] The parties do not dispute that plaintiff timely filed this action within ninety days of receiving a dismissal and notice of right to sue from the EEOC. (Dkt. No. 1 at 5); *see* 42 U.S.C. § 2000e-5(f)(1) (stating that an individual has ninety days after receiving a notice of dismissal from the EEOC to initiate a civil action under Title VII).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    With respect to claims of discrimination under Title VII, a plaintiff may proceed under

2    several legal theories. *See Sischo-Nownejad v. Merced Comm. College Dist.*, 934 F.2d 1104, 1109

3    (9th Cir. 1991) (stating that plaintiffs may proceed pursuant to Title VII under theories of

4    disparate treatment, disparate impact, or the existence of a hostile work environment), *superseded*

5    *by statute on other grounds as rec'd in Recinto v. U.S. Dep't of Vet. Affairs*, 706 F.3d 1171 (9th

6    Cir. 2013).  Based on the allegations in the complaint, plaintiff appears to raise claims under Title

7    VII based on a theory of disparate treatment or the existence of a hostile work environment.[6]  To

8    assert a claim for disparate treatment, plaintiff must allege that:  (i) she is a member of a protected

9    class; (ii) she was qualified for her position; (iii) she experienced an adverse employment action;

10   and (iv) similarly situated individuals outside of her protected class were treated more favorably,

11   or that other circumstances existed surrounding the adverse employment action that give rise to an

12   inference of discrimination. *See Fonseca v. Sysco Food Servs. of Az., Inc.*, 374 F.3d 840, 847 (9th

13   Cir. 2004).  The elements for a claim of hostile work environment are:  (i) plaintiff was subjected

14   to verbal or physical conduct because of her race, color, religion, sex, or national origin; (ii) the

15   conduct was unwelcome; and (iii) the conduct was sufficiently severe or pervasive as to alter the

16   condition of plaintiff's employment and create an abusive work environment. *See Manatt v. Bank*

17   *of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003).

18       With respect to her retaliation claim under Title VII, plaintiff must allege that:  (i) she

19   engaged in a protected activity; (ii) the employer subjected her to an adverse employment action;

20   and (iii) a causal link exists between the protected activity and the adverse action. *Klat v. Mitchell*

21   *Repair Info. Co., LLC*, No. 10-CV-0100, 2010 WL 1028157, at *2 (S.D. Cal. Mar. 18, 2010)

22   (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)).

23   _____

24       [6] Plaintiffs may also show unlawful discrimination under Title VII by proving the
     existence of disparate impact.  However, based on the allegations in the complaint, it does not
25   appear that plaintiff is proceeding under such a theory. *See Hemmings v. Tidyman's Inc.*, 285 F.3d
     1174, 1190 (9th Cir. 2002) (stating that to make out a claim for disparate impact, plaintiffs must:
26   (i) show a significant disparate impact on a protected class or group; (ii) identify specific
     employment practices or selection criteria; and (iii) show a causal relationship between the
27   challenged practices or criteria and the disparate impact); *Watson v. Fort Worth Bank & Trust*, 487
     U.S. 977, 987 (1988) (explaining that disparate impact cases "usually focus[] on statistical
28   disparities, rather than specific incidents, and on competing explanations for those disparities").

1    Plaintiff's bare allegations that she experienced "countless occasions of regular abuse,

2    employment law violations, sexual and other discrimination, harassment, retaliation, humiliation[,]

3    and severe scrutiny, while in a protected class" are only conclusions.  They lack the factual

4    allegations upon which the conclusions are based.  Accordingly, they fail to meet basic pleading

5    standards.  (Compl. ¶ 13); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of elements of a cause

6    of action, supported by mere conclusory statements, do not suffice.").  For instance, plaintiff at

7    one point alleges that she was subjected to a "special" type of retaliation in connection with

8    another employee, but she provides no details as to the incident with the other employee or what

9    retaliation she received.  (*Id.* ¶ 14.)  Similarly, plaintiff claims that she experienced harassment

10   and retaliation at the hands of Lew, but again fails to allege any facts describing the harassment or

11   retaliation.  (*Id.* at ¶ 16.)  Such allegations are insufficient to sustain a claim under Title VII

12   because they fail not only to raise an inference of discriminatory intent but also because they lack

13   facts to support plaintiff's conclusion that she was subjected to any adverse employment actions or

14   abusive physical or verbal conduct at all.  *Twombly*, 550 U.S. at 555 (holding that labels,

15   conclusions, or a formulaic recitation of the elements of a claim are insufficient at the pleadings

16   stage).

17   Plaintiff also alleges that she was forced into retirement in September 2014.  (*Id.* ¶ 13.)

18   Although such an allegation can support plaintiff's claim that she was subjected to an adverse

19   employment action, that she was forced into retirement while being a member of a protected

20   class—in this case, a black woman—is insufficient without more to raise an inference that such

21   action was taken for a discriminatory or retaliatory purpose.  *See, e.g.*, *Xing Xing Lin v. Potter*, No.

22   10-CV-03757, 2011 WL 1522382, at *13 (N.D. Cal. Apr. 21, 2011) (dismissing claims under Title

23   VII where plaintiff failed to plead sufficient facts "regarding the causal link between the adverse

24   employment action and the protected activity"); *Williams v. Los Angeles Unified School Dist.*, No.

25   10-CV-01417, 2010 WL 4794943, at *7 (C.D. Cal. Nov. 18, 2010) (dismissing discrimination

26   claims under Title VII where plaintiff failed to plead "non-conclusory factual allegations" that

27   gave rise to an inference of unlawful discrimination).  Plaintiff must allege the facts upon which

28   she concludes she was so "forced."  Thus, for the same reasons, plaintiff's allegations that

United States District Court
Northern District of California

6

1    defendants failed to investigate her complaints are insufficient to raise an inference that

2    defendants' failure to act was motivated by discriminatory or retaliatory intent.  (*See* Compl. ¶¶

3    16–18); *cf. Brown v. Dep't of Public Safety*, 446 F. App'x 70, 72–73 (9th Cir. 2011) (holding at

4    summary judgment that plaintiff must demonstrate that any failure to investigate complaints of

5    harassment was motivated by racial discrimination).

6            The Court therefore **DISMISSES WITHOUT PREJUDICE** plaintiff's Title VII claims with

7    leave to amend.

8            **B.      Count II:  Violation of Section 1981 of the Civil Rights Act**

9            Section 1981 guarantees to all persons the same right to "make and enforce contracts, to

10   sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

11   security of persons and property."  42 U.S.C. § 1981.  The same elements that apply in

12   discrimination and retaliation claims under Title VII in Count I also apply under Section 1981.

13   *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103, 1106–09 (9th Cir. 2008); *Fonseca*, 374

14   F.3d at 850 ("Analysis of an employment discrimination claim under [Section] 1981 follows the

15   same legal principles as those applicable in a Title VII disparate treatment case.").  "Both require

16   proof of discriminatory treatment and the same set of facts can give rise to both claims."  *Fonseca*,

17   374 F.3d at 850 (citing *Lowe v. Monrovia*, 775 F.2d 998 (9th Cir. 1985)).  Thus, for the same

18   reasons discussed above in the context of plaintiff's claims under Title VII, plaintiff has failed to

19   state a claim under Section 1981.[7]

20           Additionally, a municipality cannot be held liable under Section 1981 unless the alleged

21   constitutional violation was committed *pursuant to an official policy, custom, or practice.  See*

22   *Fed. of African Am. Contractors v. Oakland*, 96 F.3d 1204, 1214–15 (9th Cir. 1996); *see also*

23   *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) (holding that under Section

24   1983 municipalities may only be held liable if the violation was committed pursuant to an official

25

26           [7]  The Court notes, however, that whereas Title VII "prohibits employment discrimination
     on account of race, sex, religion, and national origin," Section 1981 "is limited to a prohibition of
27   racial discrimination."  *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531,
     536 (9th Cir. 1982) (explaining that "Title VII and section 1981 are thus overlapping, but
28   independent remedies for racial discrimination in employment").

United States District Court
Northern District of California

1  policy, custom, or practice).[8]  Plaintiff has not alleged facts supporting the existence of any policy,

2  custom, or practice responsible for the alleged discrimination and retaliation to which she was

3  subjected.  Instead, plaintiff has made a bare conclusory allegation that defendants "engaged in a

4  systemic level [sic] and grossly disparate hiring & promotion practices, management intimidation,

5  bias, cronyism; nepotism; sexism; favoritism [sic] and race discrimination within its citywide

6  departments."  (Compl. ¶ 10.)  Such bare allegations are insufficient to survive a motion to

7  dismiss.  *See Via v. Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (finding in the context

8  of a claim against a state actor under Section 1983 that "conclusory allegations that lack factual

9  content" are insufficient to survive a motion to dismiss).[9]

10        Therefore, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's claims under Section

11  1981 of the Civil Rights Act with leave to amend.

12        **C.        Count III:  Violation of Section 1985 of the Civil Rights Act**

13        To state a claim under Section 1985, plaintiff must allege:  (i) the existence of a

14  conspiracy; (ii) that the goal of the conspiracy was to deprive her of the equal privileges and

15  immunities under the laws; (iii) an act in furtherance of the conspiracy; and (iv) that plaintiff

16  suffered an injury or deprivation of her rights or privileges.  42 U.S.C. § 1985(3); *see Sever v.*

17  *Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  "A mere allegation of conspiracy

18  without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d

19  621, 626 (9th Cir. 1988).  The absence of an underlying claim for a deprivation of plaintiff's rights

20

21        [8]  The Court notes that the majority of judicial circuits have held that a Section 1983 claim
    is the exclusive cause of action for violations of Section 1981 committed by state actors.  *See*
22  *Campbell v. Forest Preserve Dist. Of Cook Cty.*, 752 F.3d 665, 671 (7th Cir. 2014), *cert. denied*,
    135 S. Ct. 947 (2015) (explaining that all six circuits to consider the issue since the Ninth Circuit's
23  decision in *Fed. of Am. Contractors* have held that Section 1983 is the exclusive remedy for
    Section 1981 violations committed by state actors).  In the Ninth Circuit, however, plaintiffs can
24  file such claims under Section 1981.

25        [9]  Plaintiff argues that CCSF is liable because CCSF employed Augustine and Lew.  (Dkt.
26  No. 18-1 at 2.)  However, the mere fact that a local governmental entity employed a person who
    engaged in discriminatory or retaliatory practices is alone insufficient to sustain a claim against a
27  municipality.  *See, e.g.*, *Williams v. Cty. Of Santa Clara*, No. 15-CV-04859, 2016 WL 879837, at
    *2 (N.D. Cal. Mar. 8, 2016) (finding that hiring an employee without alleging the existence of a
28  municipal custom or policy is insufficient to establish a Section 1983 *Monell* claim).

1    "precludes a section 1985 conspiracy claim predicated on the same allegations." *Thornton v. St.*

2    *Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).

3          Here, the alleged conspiracy relates to the violations asserted in Counts I and II. Because

4    plaintiff has failed to allege facts sufficient to sustain her underlying claims for constitutional

5    violations under Title VII and under Section 1981, her Section 1985 claim also fails. Further,

6    plaintiff has also failed to allege any facts that support the existence of a conspiracy. Accordingly,

7    the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's section 1985 claim with leave to amend.[10]

8          **D.**        **Counts IV and V: Causes of Action Under California Law**

9          Plaintiff also brings two counts under California law: (i) Count Four under California

10   Civil Code Section 51, the Unruh Civil Rights Act; and (ii) Count Five under the San Francisco

11   Charter, certain Civil Commission Rules, and California Civil Code Section 51.7.

12         As a threshold matter, the Court addresses whether plaintiff's claims under California law

13   are barred as a result of plaintiff's failure to comply with the California Tort Claims Act

14   ("CTCA"). *See* Cal. Gov. Code § 905. Under the CTCA, "a plaintiff may not maintain an action

15   for damages against a public entity unless a written claim has first been presented to the

16   appropriate entity and has been acted upon by that entity before filing suit in court." *Butler v. Los*

17   *Angeles*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (citing Cal. Gov. Code §§ 905, 945.4, 950.2

18   and *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California

19   Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely

20   presentation of a written claim and the rejection of the claim in whole or in part.")). Plaintiffs

21

22         [10] Defendants also argue that plaintiff's Section 1985 claim would be barred by the intra-corporate conspiracy doctrine. Under the intra-corporate conspiracy doctrine, a corporation and its

23   agents are considered to be a single person under the law and therefore cannot form a conspiracy. The Ninth Circuit has yet to resolve "whether individual members of a single governmental entity

24   can form a 'conspiracy' within the meaning of section 1985." *Mustafa v. Clark Cty. School Dist.*, 157 F.3d 1169, 1181 (9th Cir. 1998) (citing *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 910

25   (9th Cir. 1993)). Courts have recognized that the circuits, and the courts in this district, have split on whether the intra-corporate conspiracy doctrine applies to civil rights actions. *See Bey v.*

26   *Oakland*, No. 14-CV-01626, 2015 WL 8752762, at *14 (N.D. Cal. Dec. 15, 2015) (discussing split in authority within this district and among the circuit courts explaining that five circuits currently

27   bar conspiracy claims where allegations involve a single governmental entity conspiring with its employees whereas four circuits have refused to apply the doctrine). The Court need not address

28   the issue at this time because it finds plaintiff's Section 1985 claims deficient on other grounds.

United States District Court
Northern District of California

United States District Court
Northern District of California

must present such claims to the entity they intend to sue "not later than six months after the accrual of the cause of action." *Id.* at 1002. "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements'" to survive a motion to dismiss. *Id.* at 1001 (quoting *California v. Sup. Ct. (Bodde)*, 32 Cal. 4th 1234, 1239 (2004)); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, plaintiff concedes in her opposition that "she did not file a written claim with CCSF within six months of the date of the injury." (Dkt. 18 at 4.) Plaintiff argues that the ongoing nature of the discrimination she faced was the reason why she did not file a written claim with CCSF. (*Id.*) Even if that were an acceptable excuse, plaintiff herself alleges that she was forced into retirement in September 2014. At the very latest, therefore, plaintiff would have had to have filed a claim with CCSF by March 2015. Because no amendment could cure this deficiency in plaintiff's complaint, the Court **DISMISSES WITH PREJUDICE** plaintiff's state law claims under Counts Four and Five.[11]

## IV.        CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Counts I, II, and III of the complaint. The Court **DISMISSES WITH PREJUDICE** claims under Title II of the Civil Rights

---

[11] Additionally, plaintiff has failed to state a claim under either the Unruh Civil Rights Act in Count Four or the rules and statutes listed in Count Five. With respect to plaintiff's claim in Count Four under the Unruh Civil Rights Act, the "California Supreme Court has expressly held that employment discrimination claims are excluded from § 51's protection." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1124 (9th Cir. 2008) (citing *Alcorn v. Anbro Eng'g, Inc.*, 2 Cal. 3d 493, 500 (1970) and *Rojo v. Kliger*, 52 Cal. 3d 65, 77 (1990)). With respect to plaintiff's claim in Count Five under California Civil Code 51.7, Section 51.7 guarantees to all persons "the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property" on account of certain characteristics. Plaintiff has not made any allegations related to violence or intimidation by threat of violence here. With respect to plaintiff's claims in Count Five under the San Francisco Charter or the Civil Service Commission rules, plaintiff concedes that Rules 203 (related to the San Francisco Police Department), 303 (San Francisco Fire Department), and 403 (Municipal Transportation Agency) have no applicability to her case. As to claims under San Francisco Charter 10.103—related to the office and duties of the Human Resources Director—plaintiff makes no allegations in the complaint related to the Human Resources Director for San Francisco. Civil Service Commission Rule 103 sets forth general Equal Employment Opportunities policies for CCSF, which include a prohibition on retaliation and discrimination and a procedure for filing complaints with the Human Resources Director. As set forth above, plaintiff has failed to allege facts sufficient to sustain allegations of retaliation and discrimination and has not alleged any facts relating to the Human Resources Director.

United States District Court
Northern District of California

1  Act and Counts Four and Five of the complaint.  Plaintiff must file her amended complaint by

2  **Monday, October 17, 2016**.  Defendants' response shall be filed twenty-one (21) days thereafter.

3  　　　The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful

4  information about proceeding without an attorney, is available in the Clerk's office or through the

5  Court's website, http://cand.uscourts.gov.  The Court also advises plaintiff that additional

6  assistance may be available by making an appointment with the Legal Help Center.  There is no

7  fee for this service.  Please visit the Court's website or call the phone numbers listed below for

8  current office hours, forms, and policies.

9  　　　To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the

10  Oakland Courthouse, located at 1301 Clay Street, Room 470S, Oakland, California or call (415)

11  782-8982.

12  　　　To make an appointment with the Legal Help Center in San Francisco, plaintiff may visit

13  the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San

14  Francisco, California, or call (415) 782-8982.

15  　　　To make an appointment with the Federal Legal Assistance Self-Help Center in San Jose,

16  plaintiff may visit the San Jose Federal Courthouse, located at 280 South 1st Street, 4th Floor,

17  Rooms 4093 & 4095, San Jose, California, or call (408) 297-1480.

18  　　　This Order terminates Docket Number 9.

19

20  　　　**IT IS SO ORDERED.**

21  Dated: September 12, 2016

22

23  　　　　　　　　　　　　　　　　　　　**YVONNE GONZALEZ ROGERS**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**

24

25

26

27

28

11